SPRINGDALE CEMETERY ASSOCIATION, Appellant, v. JOB SMITH et al., Appellees.

### APPEAL FROM PEORIA.

The price, fixed by the parties, for the purchase of property, or the performance of labor, must be adopted as the rule to govern the jury in their assessments of damages.

Whether one instruction qualifies another, without reference to it, must depend upon its position in the series, and its connection with the others; and if it is apparent that they were considered together, and well understood by the jury, then the verdict will not be disturbed, otherwise a new trial should be granted.

Instructions should be as few and simple as possible, otherwise they are more likely to mislead the jury.

THIS was an action of assumpsit for work and labor on an open account, first tried before a justice of the peace, and afterwards carried by appeal to the Circuit Court of Peoria county. On the trial, the plaintiffs below, proved that they built the vault in question, in accordance with the plans furnished by defendant at the time of making the contract, except when they were changed by order of defendant's . agent; also the value of the work and materials furnished.

Defendant proved the following contract :

Contractor to furnish materials and finish work, except front door and stone sill and cappings. Walls to be of good hard bricks, twenty inches in breadth. Walls to be laid hollow to the height of six feet. Excavation to be made by contractor in said hill. To be plastered with coat cement, on the outside, one-half inch thick. Front of foundation to be eighteen inches below surface. Balustrade for front above the arch to be twelve inches thick. The floor to be cemented, also the inside walls. The arch to be twelve inches thick. I agree to furnish materials and do the work in the above plan and specification, for the sum of $525.

(Signed)            SMITH & PEIRCE.

And also presented evidence tending to show that the work was not well done, and that the materials used were of inferior quality, in consequence of which, the arch of the vault fell in, soon after it was finished ; whereupon defendants refused to make any further payments.

The court gave the following instructions to the jury, on the part of the plaintiffs, in the order of their numbers. Only those referred to in the opinion are inserted.

5th. Unless defendants have proved, by preponderance of evidence, that the work was carelessly and unskillfully done, or materials not of suitable quality, the jury will find for plaintiffs.

6th. If jury believe, from evidence, that plaintiffs built the vault with good materials, and did the work in good and workmanlike manner, they should find for plaintiffs the value of such

work and materials, although the vault fell down, if the falling was not caused by want of skill on part of plaintiffs.

11th.   If plaintiffs built a vault for defendants in a good and workmanlike manner, and furnished good materials for same, the jury will find for plaintiffs the value of such labor and materials, after deducting payments made by defendants, unless there was a special contract for building vault for stipulated price ; in that case, contract price would govern.

13th.   If plaintiffs built the vault in controversy in a good and workmanlike manner and of good materials, the jury will find for plaintiffs the amount of such labor and materials as proved, after allowing defendants credit for payments actually made by them, unless there was a special contract, fixing a stipulated price ; in that case, the contract should govern.

14th.   If, after said vault was completed, it fell down, yet if it was built of good materials and in a good and workmanlike manner, and did not fall because of defective materials or workmanship, the jury will find for plaintiffs, notwithstanding the arch fell down.

17th.   If Loucks and Hall were authorized by defendants to act as their agents, and while they so acted as such agents, plaintiffs furnished materials and built the vault at the place designated by said Loucks and Hall ; and if the jury further believe, from the evidence, that plaintiffs built the vault under the personal supervision and direction of said Loucks and Hall, or either or both of them ; and if said Loucks and Hall, or either of them, approved of the materials and work as it progressed, defendants are bound by such approval, if fairly made.   And if the jury believe, from the evidence, that the whole was approved by the agents of the defendants, plaintiffs are entitled to recover the value of such labor and materials, deducting all payments made thereon, even if the vault did fall down, unless it has been proved that there was some defect in the work or materials, that caused the vault to fall.

To the giving of which instructions, defendants then and there objected and excepted.

The court also gave a large number of instructions for defendant, but as they are not necessary to an understanding of the opinion, they are not inserted.   Verdict for plaintiffs for $150, whereupon the defendant below brings the case to this court by appeal.

J. K. Cooper, and Manning & Merriman, for Appellant.

Grove, for Appellee.

WALKER, J.   There is no principle, more elementary and better recognized than that, when a price is fixed between the parties to a contract, for the purchase of property, or the performance of labor, it must be adopted as the rule for the recovery.   In rendering their verdict the jury must be governed by it, as it is the contract of the parties, and neither the court nor jury have any power to alter it.   In this case, in several of the instructions given for the appellee, this rule is either not recognized, or is in terms violated.   The evidence seems to show, that the appellees were to furnish the materials and complete the structure, for five hundred and twenty-five dollars.   The fifth instruction tells the jury, that the plaintiffs were entitled to recover unless the defendant had proved that the work was unskillfully and carelessly performed, or the materials were not suitable.   This instruction fails to tell the jury whether the recovery should be based upon the contract price, or the value of the labor and materials.   This instruction, if taken alone, may not have misled the jury, but it would certainly have been better that they should also have been told that if the labor and materials were furnished under a contract, the contract price must govern.   But the sixth instruction in terms informs the jury, that if they believe, from the evidence, that the plaintiffs built the vault with good materials and in a workmanlike manner, they should find for the plaintiffs the value of such materials.   This is not the law, and may have misled the jury, unless they disregarded the rule laid down by the court for their action.   This instruction was manifestly wrong, and should not have been given.   The fourteenth instruction asserts the same rule as the fifth, and nearly in the same terms, and the seventeenth fixes the value of the labor and materials as the measure of damages, as did the sixth, and it, for the same reason, was improper, and should not have been given.

Nor are these instructions aided by the qualifications to the eleventh and thirteenth.   They were not given in the same connection, nor do they in any manner refer to the others.   And they were not so framed that the jury could see that they must be taken and considered together, and even if they could, they are so framed that they may have been regarded as irreconcilable and repugnant.   Nor does the twelfth instruction given for the defendant obviate the difficulty, as from its position, and the connection in which it was given, we are not able to see that the jury necessarily considered it in connection with the plaintiffs', and properly understood and reconciled it with them.

Whether one instruction qualifies another without reference to it, must depend upon its position in the series, and its connection with the others.   If it is apparent, that the two instructions must have been considered together, and have been properly

understood by the jury, then their finding should not be disturbed, otherwise a new trial should be granted. When instructions are numerous or prolix in their character, they are of course more apt to mislead the jury unless prepared with great care, than when they are few in number and simple in their structure. In the former case, the court would be more apprehensive that they were calculated to mislead unless carefully qualified, than in the latter, and would more readily set aside a verdict for that reason.

In this case we are of the opinion that the jury may have been misled by the plaintiffs' instructions, and for that reason the judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*